George Denwell BARRE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–00729–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1992.

Discretionary Review Refused
June 24, 1992.

S.C. Childress, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION ON REMAND

CANNON, Justice.

Appellant entered a plea of guilty before the court to the offense of driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701$l$–1. The court assessed punishment at confinement for ninety days, probated for two years, and a fine of $350.00.

On original submission, we dismissed the appeal, holding that this court lacked jurisdiction because appellant's notice of appeal does not meet the requirements of TEX. R.APP.P. 40(b)(1). *Barre v. State*, No. C14–89–00729–CR, 1990 WL 98563 (Tex.App.—Houston [14th Dist.] July 12, 1990). The Court of Criminal Appeals, 824 S.W.2d 560,

reversed the judgment of this court, applying its holding in *Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991), that the particularized notice requirement of Rule 40(b)(1) does not apply in cases involving misdemeanors. 818 S.W.2d at 63. We, therefore, now address the merits of the appeal.

In his sole point of error, appellant contends that the trial court erred in overruling his motion to dismiss the information. More specifically, appellant asserts that he requested preservation of the tape recording of communications between the arresting officer and the dispatcher made contemporaneously with appellant's arrest; that such tape recording was, in fact, destroyed; and that, therefore, the information should have been dismissed.

The substance of appellant's complaint arises out of a conversation appellant's counsel had with Harris County Assistant District Attorney Lois Wright on February 9, 1989, seven days after appellant's arrest. As a result of the conversation, the prosecutor wrote a note on her file, "DISPATCH LOGS + 30 minutes before 30 minutes after ... call immediately to request." The note was written for the regular prosecutor on the case, Jeanne Mayo. Wright anticipated that both the tape of communications and the dispatch logs would be preserved. On March 9, 1989, Wright noticed that the dispatch logs had been forwarded to her but that the tape had not. Upon inquiry, she learned that the February 2, 1989, tape had already been re-used by the Bellaire Police and had, therefore, been destroyed. Jeanne Mayo testified that, pursuant to the note written on the file by Lois Wright, she called the Bellaire Police Department on February 23, 1989, to request a copy of the dispatch logs for the period from thirty minutes before appellant's arrest to thirty minutes after. Ms. Mayo, who had only been a prosecutor for a short time, thought her request would include both the dispatch logs and the tape for the relevant period.

Although appellant prepared a motion for discovery which included a request for the tape recording covering the period from immediately before to immediately after his arrest, he admits the motion for discovery was never filed and presented to the trial court. As a result, this case does not involve the destruction of evidence in violation of a court order. Nor did appellant, at any time, obtain or attempt to obtain a subpoena duces tecum for the custodian of the Bellaire Police Department dispatch tapes. The evidence shows that the dispatch tapes were re-used in the normal course of business of the Bellaire Police Department. Appellant does not claim that either the police or the district attorney's office acted in bad faith in failing to secure the preservation of the February 2, 1989, tape recording.

■ Generally, where evidence governed by a discovery order is willfully withheld by the State, such evidence should be excluded from the trial. *See Hernandez v. State*, 636 S.W.2d 611, 613 (Tex.App.—San Antonio 1982, no pet.); *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex.Crim.App. [Panel Op.] 1978). There was, in the instant case, *no* discovery order signed by the trial court and, therefore, no *violation* of a discovery order. Appellant attempts to rely, instead, on a verbal agreement with the prosecutor for the preservation of the relevant tape recording, citing *Macias v. State*, 704 S.W.2d 484 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Appellant quotes from *Macias* that "this agreement has the same force and effect as an order by the court." 704 S.W.2d at 487. The instant case is distinguishable from *Macias*. In that case, in response to the appellant's discovery request, the State and the defendant announced that they had agreed to discovery of the items set out in a paragraph of the defendant's motion for discovery. Later, although the State had not allowed discovery of the items in question, it was permitted to introduce them into evidence over objection. This court held the agreement between the State and the defendant was tantamount to an order from the trial court and that it was error to admit evidence in violation of the discovery order. *Id.* In *Macias*, the agreement between the prosecutor and the defendant was entered into in open court pursuant to the defendant's discovery motion. In the

instant case, there was no formal discovery request and, thus, no formal agreement or order covering the tape recording in issue. At most, there was an informal agreement between appellant's counsel and the prosecutor for preservation of the tape recording. It is clear from the evidence the February 2, 1989, tape recording was inadvertently destroyed because of a miscommunication between the prosecutor and the Bellaire Police Department.

Upon request, the State must disclose all exculpatory evidence to the accused. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). Even in the absence of a specific request, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt. *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). Where evidence is destroyed in good faith and in accord with the normal practice of the police, however, there is no due process violation. 467 U.S. at 488, 104 S.Ct. at 2533; *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). In the instant case, there was evidence that the tape recording in question was re-used according to the normal practice of the Bellaire Police Department and that there was no intent on the part of the police to destroy evidence. The trial court could conclude the police acted in good faith and appellant does not contend otherwise.

Appellant makes no claim that the tape recording destroyed by the Bellaire Police Department was in any sense "exculpatory." Instead, he suggests that the tape recording might have been useful in attempting to impeach the arresting officer. Impeachment evidence is clearly governed by the *Brady* rule, and is, therefore, subject to disclosure. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). The facts of *Bagley*, however, are distinguishable from those of the instant case. In *Bagley*, the defendant filed a discovery request for information about any "deals, promises or inducements" made to government witnesses to secure their testimony. 473 U.S. at 669, 105 S.Ct. at 3377. In response to the request, the prosecutor did not disclose there had been any "deals, promises or inducements" made to its two chief witnesses. Later, the defendant learned that the witnesses had signed agreements with the government to provide information in return for "a sum commensurate with services and information rendered." 473 U.S. at 671, 105 S.Ct. at 3378. The United States Supreme Court held the undisclosed agreements gave the witnesses "a direct, personal stake" in the defendant's conviction. 473 U.S. at 683, 105 S.Ct. at 3384. Failure to disclose the agreements misled defense counsel into believing the witnesses could not be impeached on the basis of bias or interest arising from the inducements offered by the government. *Id.* As a result, the Supreme Court reversed the conviction and remanded to the court of appeals for a determination of whether the evidence was "material", i.e., whether information about the inducements offered to the government witnesses, had it been disclosed, would have produced a different result in the trial. 473 U.S. at 684, 105 S.Ct. at 3384.

In the instant case, appellant does not contend, as did the defendant in *Bagley*, that the destroyed evidence would have demonstrated any bias or interest on the part of the arresting officer. Instead, he offers no more than conjecture that the tape recording may have contained evidence that could have been used for impeachment purposes. Here, unlike in *Bagley*, there was no failure on the part of the State to comply with a request for discovery by appellant. The arresting officer testified that he was aware of nothing on the destroyed tape that would have been exculpatory to the defendant. There is nothing in the record to suggest that anything contained in the destroyed tape would have been exculpatory, or that it would have served as a basis for impeaching the testimony of the arresting officer. Certainly, appellant makes no showing that, had the tape recording not been destroyed, the result of the proceedings in the trial court would have been different.

Thus, appellant fails to make the required showing of "materiality" under *Bagley*. 473 U.S. at 684, 105 S.Ct. at 3384.

The evidence that was lost in the instant case is conceptually similar to that in *Youngblood*, where the police failed to refrigerate the victim's clothing, thereby making it impossible for tests to be performed on semen stains contained on the clothing of the victim. In *Youngblood*, as in the instant case, the exculpatory nature of the evidence was not immediately apparent. The U.S. Supreme Court held:

> [T]he Due Process Clause of the Fourteenth Amendment, ... makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material *exculpatory* evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which *might* have exonerated the defendant ... We, therefore, hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

109 S.Ct. at 337. (Emphasis supplied.) Although the tape recording in this case was not evidence of the crime, it was at best evidence that *might* have served as a basis for impeaching the testimony of the arresting officer. It was not evidence that, on its face, was exculpatory in nature. As in *Youngblood*, it was evidence that could have "cut both ways," working to appellant's benefit and/or to his detriment. As a result, appellant was required to show the tape recording was destroyed in bad faith.

Even if appellant had made the required showing, which he did not, it does not follow that he would have been entitled to the remedy he sought, i.e., dismissal of the information. In Texas, there is no general authority which permits a trial court to dismiss a prosecution without the prosecutor's consent. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App.1991). As we have seen, where evidence is willfully withheld by the State in violation of a discovery order, the proper remedy is to exclude the evidence from admission at trial. *Macias v. State*, 704 S.W.2d 484, 487 (Tex. App.—Houston [14th Dist.] 1986, no pet.). While there was no formal discovery request in the instant case, even if there had been, there is nothing to indicate the State would have relied on anything contained in the destroyed tape recording to secure appellant's conviction. At most, we are faced with good faith destruction of evidence which may or may not have served as a basis for impeaching the testimony of the arresting officer. Under the circumstances, we hold that the trial court did not abuse its discretion in overruling appellant's motion to dismiss the information in this cause. We overrule appellant's sole point of error.

Accordingly, we affirm the judgment of the trial court.