NUMBER 13-99-567-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROBERT ANNAMMA THOMAS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 1 


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 This is an appeal from a judgment convicting Robert Annamma
Thomas, appellant, proceeding pro se, of driving while intoxicated on
June 2, 1999. Appellant was sentenced to six months in the county
jail, but the trial court placed appellant on community supervision for
one year and assessed a fine. On appeal, appellant contends generally
that the evidence adduced to support his conviction is legally
insufficient, primarily because the State's witnesses were not credible. 
Appellant also argues that the trial court made several constitutional
errors during trial. Finally, appellant argues that the trial court erred in
denying his motion for new trial. We affirm. 

 Appellant was arrested for driving while intoxicated after being
stopped by Officer Jose Villarreal of the Harlingen Police Department. 
Villarreal testified that on August 22, 1998, at approximately 2:12 a.m., 
he observed appellant's car traveling at a high rate of speed on
Expressway 83 in Harlingen. The officer undertook to pursue appellant,
eventually catching him after a brief chase. Villarreal testified that at the
time his vehicle overtook appellant's car, he examined his speedometer
and noted that he was traveling at 80 miles per hour. At the time, the
vehicles were traveling in a 60 mile per hour speed zone. Villarreal
effectuated a traffic stop. 

 Villarreal testified that upon their first encounter, appellant's
speech seemed slurred and his eyes appeared bloodshot. Villarreal also
recalled that the scent of alcohol emanated from appellant's vehicle. 
Villarreal asked appellant to step out of the vehicle. When appellant
exited the car, Villarreal observed that appellant had unsteady balance. 
Villarreal testified that he performed three field sobriety tests on
appellant. In administering the horizontal gaze nystagmous test (HGN),
Villarreal observed a lack of smooth pursuit and that appellant had
"nystagmous at maximum deviation." According to Villarreal, both
factors indicate intoxication. Villarreal testified that he then asked
appellant to perform the "walk-and-turn" test. During this test,
appellant did not touch heel to toe on several steps and repeatedly
struggled with his balance. Villarreal stated that appellant's difficulties
were consistent with intoxication. Finally, according to Villarreal, he
asked appellant to perform the "one leg stand" test. Villarreal related
that appellant repeatedly put his foot down and had difficulty counting. 
Villarreal again stated that appellant's inability to successfully perform
the test indicated intoxication. Based on his observations and
appellant's unsuccessful performances of the tests, Villarreal arrested
appellant. 

 The record reflects that appellant was booked at 2:48 a.m. 
Villarreal testified that he read the statutory DWI warnings to appellant. 
According to Villarreal, included in these warnings was the admonition
that if appellant refused to submit to a breath test, that refusal could be
admissible in a subsequent prosecution. Villarreal also testified that he
informed appellant that his refusal to submit to a breath test would
result in the suspension of appellant's driver's license for a period of
ninety days. Villarreal then permitted appellant to read the warnings
himself, after which appellant signed a written copy of the statutory
warning. Appellant did not refuse the test. Subsequent tests resulted
in breath specimens indicating blood alcohol concentration of 0.124 and
0.132, both in excess of the legal limit. 

 At trial, appellant, citing a distrust of attorneys, chose to represent
himself. After a trial, the jury convicted appellant of driving while
intoxicated. The court sentenced appellant to serve six months in the
county jail, but suspended the sentence and placed appellant on
community supervision for one year. Appellant was also ordered to pay
a fine and court costs. 

 Appellant's subsequent motion for new trial was overruled.

 By his first issue, appellant contends that the trial court judge
abused her discretion in refusing to permit him sufficient time to
prepare for trial. In general, at a minimum, a defendant who chooses
to proceed without counsel is entitled to ten days' notice of a dispositive
setting if that defendant has already appeared at a proceeding without
counsel. Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon 1998). The
record reflects that on March 22, 1999, the trial court granted a motion
to withdraw from the representation filed by appellant's then-appointed
counsel. At the same time, the court granted appellant's motion to
proceed pro se. Subsequently, on April 15, 1999, the trial court granted
appellant's motion for continuance, resetting the trial date to June 1,
1999. Appellant does not contend that he did not have notice of the
resetting. Thus, the record shows that at the very least, appellant was
provided forty-six days to prepare for trial. On the morning of trial,
appellant asked for, but was not given, a continuance. The granting of
a continuance is a matter vested in the sound discretion of the trial
court. Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986). 
We find no authority for the proposition that appellant was entitled to
any more time than he was afforded here. Moreover, we find no
support for the contention that forty-six days is a presumptively
inadequate time for preparation. See Hernandez v. State, 643 S.W.2d
397, 399-400 (Tex. Crim. App. 1983) (twenty-four days preparation
time for a capital murder case held adequate). We conclude that the trial
court did not abuse its discretion in overruling appellant's second
motion for continuance. Appellant was afforded adequate time to
prepare for this trial and all of its incidents, including voir dire and the
submission of the court's charge. 

 Appellant furthermore contends that he was not permitted
discovery of certain "evidence" prior to the date of trial. In particular,
appellant contends he was denied access to the videotape of his field
sobriety tests, the inventory of belongings found in his car after his
arrest, and the maintenance records for the State's breath test
instrument. However, the State informed the trial court that neither the
maintenance records nor the inventory was in its possession, and
appellant has not demonstrated how either is material to presenting a
defense here. Tex. Code Crim. Proc. Ann. art. 39.14(a) (Vernon 1998)
(trial court may order discovery of "evidence material to any matter
involved in the action and which are in the possession, custody or
control of the State."). 

 With regard to the videotape of his field sobriety tests, the State
informed the court that it routinely destroys videotapes of arrests which
do not involve serious injuries or deaths. We find no authority which
suggests that once made, a videotape like that sought here must be
maintained by the State. The State cannot be compelled to provide
material which does not exist and which was destroyed in good faith
as a matter of course by the police. See California v. Trombetta, 467
U.S. 479, 488, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984); Barre v.
State, 826 S.W.2d 722, 724 (Tex. App.--Houston [14th Dist.] 1992, pet.
ref'd). Here, as in Barre, there was evidence that the videotape in
question was re-used in conformity with the normal practice of the
Harlingen Police Department and that there was no intent on the part
of the police to destroy evidence. Barre, 826 S.W.2d at 724. The trial
court did not abuse its discretion in concluding that the Harlingen Police
Department acted in good faith in adhering to its tape destruction policy
here. 

 Appellant's first issue is overruled. 

 By his second issue, appellant contends that the trial court "acted
unconstitutionally on several occasions, especially [sic] in the jury's
charge, jury selection, presenting evidence and when appellant
demanded to represent self." The record reflects that the trial court
admonished appellant on numerous occasions with regard to the
difficulties of self-representation. See generally Tex. Code Crim. Proc.
Ann. art. 1.051(g) (Vernon 1998). Appellant stated in open court that
he was aware of the dangers of representing himself, but averred that
he chose to do so nonetheless. Appellant alleges that his inexperience
led to the omission of several items from the court's charge. However,
a defendant who chooses to proceed pro se does so at his own peril
and is held to the same standards expected of a licensed attorney. See
Kindley v. State, 879 S.W.2d 261, 264 (Tex. App.--Houston [1st Dist.]
1994, no pet.); Ford v. State, 870 S.W.2d 155, 158 (Tex. App.--San
Antonio 1993, pet. ref'd). As such, by his failure to make proper
objections and requests, appellant has waived any argument regarding
the court's charge. Penry v. State, 903 S.W.2d 715, 747 (Tex. Crim.
App. 1995). 

 Appellant argues that the trial court did not permit him to elicit
answers from prospective jurors about "experience on reports made by
officials." The record reflects, contrary to appellant's assertion, that the
trial court permitted appellant to ask the question but interrupted the
veniremember's answer after the prospective juror began to discuss a
specific incident. In limiting the answer, the court did not limit
appellant's ability to re-ask the same question; rather, the court limited
the specificity with which the question could be answered. The trial
court did not abuse its discretion in imposing such a limitation. 
Accordingly, we find no infringement upon appellant's ability to conduct
a full voir dire examination. 

 Finally, with regard to his contention that the trial court acted
improperly during the presentation of evidence, appellant does not point
this Court to any specific acts he believes to be unconstitutional. In the
absence of any specific contentions, we have nothing to review. See
Tex. R. App. P. 38.1(h). 

 Appellant's second issue is overruled. 

 By his third issue, appellant argues that the State failed to prove
each element of the offense beyond a reasonable doubt. This is a
challenge to the legal sufficiency of the evidence. When conducting a
legal sufficiency analysis, we view the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the crime proven beyond a
reasonable doubt. Jackson v. Virginia, 443 S.W.2d 307, 99 S.Ct. 2781,
61 L.Ed. 560 (1979); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996). The jury, as fact finder, is entitled to weigh all of the
evidence and make reasonable inferences therefrom. Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1998). When the jury is presented with
conflicting evidence, it must judge the credibility of the witnesses and
in so doing, is free to believe or disbelieve any witness or any portion of
any witness' testimony. Kemple v. State, 725 S.W.2d 483, 485 (Tex.
App.--Corpus Christi 1987, no pet.). This Court may not assess the
credibility of any witnesses and may not re-weigh the evidence. 

 A person commits the offense of driving while intoxicated if the
person is intoxicated while operating a motor vehicle in a public place. 
Tex. Pen. Code Ann. § 49.04 (Vernon 1998). A person is "intoxicated"
when that person does not have the "normal use of mental or physical
faculties by reason of the introduction of alcohol . . . or any other
substance into the body" or if the person has an alcohol concentration
of 0.10 or more. Tex. Pen. Code Ann. § 49.01(2) (Vernon 1998)
(subsequently amended; amendment effective January 1, 2000). 

 The record shows that Officer Villarreal observed appellant
operating a vehicle on a public roadway in Harlingen. Appellant was
driving at an excessive rate of speed and was stopped. During the
stop, Officer Villarreal observed numerous signs of intoxication in
appellant's appearance and demeanor. Villarreal conducted several field
sobriety tests, concluded that appellant was intoxicated, and arrested
him. A subsequent breath test, conducted approximately forty-five
minutes after the arrest, showed that appellant had an alcohol
concentration greater than 0.10. This evidence is legally sufficient to
support the jury's verdict. Appellant's third issue is overruled.(1) 

 Similarly, by his fifth issue, appellant asserts that "there is police
corruption involved in this case. The police entrap (sic) the appellant
and this police corruption is connected with the child custody case and
discrimination case against the previous employer of the appellant." 
The record shows that appellant testified that the foregoing assertions
were true. He presented this evidence in the nature of a defense. The
jury was free to assess the credibility of appellant's assertions and
could choose to believe or disbelieve any part or all of that testimony. 
Here, the jury chose to disbelieve appellant's assertions. We may not
disturb that conclusion. Appellant's fifth issue is overruled. 

 Finally, by his fourth issue, appellant argues that the trial court
erred in denying his motion for new trial in the face of new evidence
and witnesses. Particularly, appellant argues that the trial court did not
consider a phone bill and records of his transactions with a wrecker
service associated with recovering his vehicle after this arrest. 

 A defendant may be entitled to a new trial upon a showing that he
has, since trial, discovered favorable, material evidence. Tex. Code Crim.
Proc. Ann. art. 40.001 (Vernon 1998). A ruling denying a motion for
new trial based on newly-discovered evidence should not be disturbed
unless the record clearly demonstrates:

 (1) the newly-discovered evidence was unknown or
unavailable to the movant at the time of his trial; (2) the
movant's failure to discover or obtain the evidence was not
due to a lack of diligence; (3) the evidence is admissible and
is not merely cumulative, corroborative, collateral, or
impeaching; and (4) the new evidence is probably true and
will probably bring about a different result on another trial.


Ayers v. State, 606 S.W.2d 936, 941 (Tex. Crim. App. 1980). 

 The evidence appellant claims to be new is a phone bill and
records of transactions with a wrecker company following appellant's
arrest. The record reflects that appellant attempted to introduce both
into evidence during trial, but that the court sustained the State's
objections to each. Similarly, with regard to the new witness, appellant
admitted that he was aware of the identity of the witness, an attorney
who represents him in several immigration matters, at the time of trial. 
Accordingly, it is clear that both the evidence and the witness were
known to appellant at the time of trial. The court did not abuse its
discretion in denying appellant's motion for new trial. Appellant's
fourth issue is overruled.


 The judgment of the trial court is AFFIRMED.

 


 ____________________________________

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

9th day of November, 2000.

 

1. Appellant raises an ancillary issue regarding whether Officer
Villarreal violated the implied consent law by failing to instruct him that
refusal to provide a breath specimen could be admissible in a
subsequent prosecution. We note that Officer Villarreal testified that he
informed appellant of the consequences of a refusal to submit to a
breath test. Villarreal stated that he administered these warnings
verbally and that he also read verbatim the contents of a page
containing written warnings. Villarreal testified that he provided
appellant with an opportunity to read the page, and that appellant took
some time to actually read the page. This page includes the
admissibility admonishment. The State introduced appellant's signed
copy of these warnings. Appellant contends that he was not provided
with this information. However, as with the evidence regarding
appellant's guilt, the jury was free to believe or disbelieve either
witness, in whole or in part. The jury apparently chose to believe
Officer Villarreal on this matter. We will not second-guess that
assessment.