In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00136-CR
______________________________


REGINALD ANTHONY PRICE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court No. 110455


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Reginald Anthony Price stood in the parking lot of Katy Mills Mall. When he noticed a
uniformed mall security officer escorting a shopper from the mall generally in Price's direction, Price
called out to his friend, Joseph Flores, "let's go," "someone's coming," "hurry up," or "someone is
coming, let's go." At the time, Flores was inside an open convertible owned by Dat Nguyen,



unsuccessfully trying to steal Nguyen's sound equipment.
            Convicted of burglary of a motor vehicle,


 Price asserts on appeal that "certain evidence"
should have been excluded because video and audio tapes were allegedly not fully disclosed by the
State and that the evidence was legally and factually insufficient to establish that Price was a party
to Flores' motor vehicle burglary. We affirm because (1) Price has not shown himself entitled to the
exclusion of any evidence, and (2) legally and factually sufficient evidence supports the jury's
implicit finding that Price was a party to the offense.
(1)       Price Has Not Shown Himself Entitled to the Exclusion of Any Evidence
            Price's first point of error asserts that "[w]here audio recording evidence is lost, destroyed,
or unproduced at trial, such evidence should be excluded at trial." 
            Officer Lee Hernandez testified, and a videotape recorded by the equipment in his police
vehicle was admitted into evidence, though the videotape had sound on only part of the relevant
segments of the tape. Officer Jeron Barnett also testified, and indicated that his police vehicle—a
different vehicle from that driven by Hernandez—also had video equipment that recorded video of
part of the investigation at the scene of Price's arrest. The videotape from Barnett's vehicle was not
produced by the State. The absence of the Barnett videotape appears to be the point of Price's
complaint. Citing one case, Barre v. State, 826 S.W.2d 722, 724 (Tex. App.—Houston [14th Dist.]
1992, pet. ref'd), Price argues that "certain evidence" should have been excluded because of the
nonproduction of the Barnett videotape.
            Barre recites the rule that, where the State is ordered to produce specified evidence to the
defendant, and yet willfully withholds that evidence, the evidence may not be used by the State at
trial. Id. at 723. Barre also recites the rule that the State has an obligation to disclose exculpatory
evidence.  Id.  at  724.  But  Barre's  holding  is  that—because  the  defendant  failed  to
demonstrate (1) the State willfully disobeyed a discovery order, (2) the State destroyed evidence in
bad faith, or (3) evidence not disclosed by the State was truly exculpatory—the defendant was not
entitled to relief. Id. at 724–25.
            Here, there is no showing of any production order that was violated by the State. Nor is there
any showing that the State destroyed evidence, much less that any such destruction was willful or
in bad faith. Finally, there is no showing that the Barnett videotape contained any exculpatory
material. Barre would deny Price any relief here. See id.
            Price's summary of argument on this issue calls for the exclusion of "certain testimony." 
Nothing in his brief specifies what evidence should have been excluded. Nowhere in the record does
Price specify where he lodged an objection to the admission of any evidence. We will not search for
any such objection. See Tex. R. App. P. 38.1(f), (h), (i) (record references required in statement of
facts and argument; clarity required in point of argument and prayer). The Hernandez videotape was
admitted into evidence after Price's counsel said "no objection" to its admission. That waives any
error as to its admission. Swain v. State, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); Jones v.
State, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992). We overrule Price's first point of error.
(2)       Legally and Factually Sufficient Evidence Supports the Finding that Price Was a Party to
the Offense
            In reviewing the legal sufficiency of the evidence, we examine the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In our review of the factual sufficiency of the evidence concerning matters
where the State has the ultimate burden of proof or persuasion, we employ the standards set forth
in Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We view all the evidence in a
neutral light and determine whether the evidence supporting the verdict is too weak to support the
finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that
the beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d
654, 664 (Tex. Crim. App. 2004) (citing Zuniga, 144 S.W.3d at 486). If the evidence is factually
insufficient, we must reverse the judgment and remand for a new trial. Clewis v. State, 922 S.W.2d
126, 135 (Tex. Crim. App. 1996).
            Price heard Flores state his intent to burglarize the vehicle in question before Flores actually
did so. While Flores was burglarizing the vehicle, Price stood by and announced to Flores the
approach of third parties, notably including a mall security guard. After knowing that Flores had
burglarized the vehicle, Price drove him from the scene. Price's protestations concerning his lack
of intent to help Flores, or his argument concerning the tough situation Price was in when his friend
burglarized a vehicle, but Price's vehicle was the only way Flores could get home, fail to offer a
sufficient response to blunt the facts of this case. It is sufficient for conviction as a party to an
offense that the defendant simply drove the primary actor away from the scene. See Thompson v.
State, 697 S.W.2d 413, 417 (Tex. Crim. App. 1985); Gerzin v. State, 447 S.W.2d 925, 926 (Tex.
Crim. App. 1969); Greer v. State, 168 Tex. Crim. 485, 329 S.W.2d 885, 886 (1959); Webber v.
State, 757 S.W.2d 51, 55–56 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). The evidence is
legally and factually sufficient to sustain Price's conviction.
 
 
 
            We affirm the trial court's judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 17, 2006
Date Decided:             May 23, 2006

Do Not Publish