**The STATE of Texas, Appellant,**

v.

**Robert Guzman SALINAS, Appellee.**

No. 13–97–603–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 20, 1998.

Rene Guerra, Dist. & County Atty., Cheryl Hole, Asst. Dist. Atty., Edinburg, for appellant.

David R. Gorena, Edinburg, for appellee.

## OPINION

HINOJOSA, Justice.

This is an appeal by the State from an order of dismissal of a criminal prosecution. The State presents four issues contending the trial court erred (1) by dismissing a prosecution without the consent of the State, (2) by dismissing the case without evidence of a speedy trial violation, (3) by not requiring the presence of the defendant at the pre-trial hearing, and (4) by issuing an order of dismissal which does not conform with the procedural facts of the case. We reverse and remand.

Appellee, Robert Guzman Salinas, was charged on September 12, 1990, with the misdemeanor offense of driving while intoxicated. Salinas failed to appear in County Court at Law No. 1 for his October 2, 1990 arraignment and a judgment *nisi* was granted. On February 5, 1991, the case was set for pretrial hearing on February 12 and the *nisi* was recalled. After two resettings, Salinas's counsel announced on March 21, 1991, nothing to pretry and requested a trial before the court.

No further action occurred until June 11, 1997, when the State was ordered by the trial court to show cause why the case should not be dismissed for want of prosecution. Identical "show cause" orders were filed in over 200 other misdemeanor cases that had been filed generally between 1988 and 1992. At a July 9, 1997 show cause hearing, the trial court proceeded to call each case one-by-one to determine its status. Numerous cases were dismissed with the consent of the State, others were retained on the court's docket, while over sixty cases, including this one, were dismissed over the State's objection and have now been appealed to this Court. In none of the cases appealed did the defendant file a written motion to dismiss.

When this case was called, David Gorena, Salinas's attorney of record, indicated he was unfamiliar with the case and was not sure it was his. Eventually, Gorena moved for dismissal for want of speedy trial. The trial court signed an order dismissing the case for want of prosecution on July 9, 1997.

■ Because the written order of the court controls over any oral motions made, *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim.App. [Panel Op.] 1980); *Hubbard v. State*, 896 S.W.2d 359, 361 (Tex.App.—Houston [1st Dist.] 1995, no pet.), we will confine our analysis to the State's first issue—whether the trial court had authority to dismiss this case for want of prosecution without the State's consent.

■ The Texas Constitution does not confer upon the trial court the general ability to maintain its docket by causing or preventing the dismissal of prosecutions. *State v. Williams*, 938 S.W.2d 456, 459 (Tex.Crim. App.1997). Rather, in this state, responsibility for maintaining or discontinuing criminal prosecutions is vested almost exclusively in the district and county attorneys, and not in the trial judges. *Meshell v. State*, 739 S.W.2d 246, 254 (Tex.Crim.App.1987); *State v. Telles*, 890 S.W.2d 561, 562–63 (Tex.App.— El Paso 1994, no pet.); *State v. Gray*, 801 S.W.2d 10, 11 (Tex.App.—Austin 1990, no pet.). Accordingly, a Texas trial court has no authority to dismiss a case, either on the defendant's motion or on the court's own motion, unless the prosecutor consents or the dismissal is otherwise authorized by constitution, statute, or common law. *State v. Johnson*, 821 S.W.2d 609, 612–13 (Tex.Crim.App. 1991); *State v. Meyer*, 953 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1997, no pet.); *State v. Donihoo*, 926 S.W.2d 314, 315–16 (Tex.App.—Dallas 1994, no pet.); *State v. Marmolejo*, 855 S.W.2d 275, 276 (Tex.App.— Austin 1993, no pet.); *Wilson v. State*, 854 S.W.2d 270, 275 (Tex.App.—Amarillo 1993, pet. ref'd); *Cf.* TEX.CODE OF CRIM. PROC. ANN. art. 32.02 (Vernon 1989).

According to the trial court's order, this case was dismissed for want of prosecution. As no constitutional, statutory, or common law authority was cited for the dismissal, we hold the trial court erred in dismissing this case.

The State's first issue is sustained. In light of our disposition of this issue, it is not necessary to address the State's remaining issues. TEX.R.APP. P. 47.1.

We reverse the order of dismissal for want of prosecution and remand the case to the trial court for further proceedings consistent with this opinion.