

# NUMBER 13-07-00686-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                           **Appellant,**

**v.**

AARON VALDEZ,                                               **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

This case involves a dismissal of an indictment by the trial court for want of prosecution in favor of appellee, Aaron Valdez. By two issues on appeal, the State argues that: (1) article 44.01(a)(1) of the code of criminal procedure entitles it to appeal the trial court's dismissal of the indictment, *see* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2007); and (2) the trial court did not have the authority to dismiss its case

against Valdez without the prosecutor's consent.  We reverse and remand for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2007, Valdez was indicted with unlawful possession of cocaine in an amount less than one gram, a violation of the Texas Controlled Substances Act.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon 2003); *see id*. § 481.102(3)(D) (Vernon Supp. 2007) (listing cocaine in the "Penalty Group 1").  At a hearing conducted on October 15, 2007, Valdez pleaded guilty to the offense pursuant to a plea agreement with the State in trial court cause number 07-CR-1404-F.[2]  The trial court deferred any finding of guilt and placed Valdez on community supervision for three years.  The trial court also imposed a $350 fine and ordered Valdez to pay a $60 per month probationary fee and $140 for drug analysis.  On October 16, 2007, the trial court commenced a hearing in trial court cause number 07-CR-3067-F.[3]  Both attorneys announced ready to the court.  The parties then engaged in the following exchange which is central to the issues at hand:

| [The State]: | Your Honor, we're set for a plea today.  I have a judicial confession and stipulation. |
| --- | --- |
| THE COURT: | He's not going on a plea.  He's going to trial.  So put on |

---

[1] The record reflects that this indictment was filed in trial court cause number 07-CR-3067-F.

[2] At the October 15, 2007 hearing, the trial court called cause number 07-CR-1404-F for trial.  Valdez subsequently  pleaded guilty to the offense of unlawful possession of cocaine in an amount less than one gram, a state jail felony.  This offense mirrors the offense described by the indictment in trial court cause number 07-CR-3067-F.

[3] At the October 15, 2007 hearing, the State noted that trial court cause number 07-CR-3067-F was "another drug case" against Valdez.  Also at this hearing, Armando Gonzalez, counsel for Valdez, noted that the parties were "going to set that [trial court cause number 07-CR-3067-F] for a plea tomorrow morning."  The trial court then noted that if Valdez was found guilty in trial court cause number 07-CR-3067-F, the court would allow his sentence to run concurrent with the sentence imposed in trial court cause number 07-CR-1404-F.  The trial court also instructed the parties to "[g]et that other case ready and then we'll adjust."

|  | your first witness. Do you have any evidence to put on? |
|---|---|
| [The State]: | I have, Your Honor, a judicial confession and stipulation. |
| MR. GONZALEZ: | Your Honor, we're not going to—I object to that. I had forgotten to get that back. |
| THE COURT: | He's objecting. It's not a plea. He's going to trial. Put on your first witness, Mr. Ainsworth.[4] |
| [The State]: | Well, Your Honor, since I wasn't notified about a trial setting today, I don't have any witnesses to present. |
| THE COURT: | You don't have any evidence to present? |
| [The State]: | Not today, Your Honor. |
| THE COURT: | All right. Do you have a motion? |
| MR. GONZALEZ: | Yes, Your Honor. I move for a directed verdict. |
| THE COURT: | Case dismissed. The State is not ready to go to trial. I ordered you-all to trial today. I didn't come in on a plea. I said we're going to trial tomorrow. You-all aren't ready. Case dismissed.[5] |

The trial court signed the order of dismissal on October 30, 2007. The order specifically provided the following, in relevant part: "The State appeared by counsel, William Ainsworth, announced ready for trial but announced that he did not have evidence to present. Upon motion by defense counsel, the Court dismissed the case for want of prosecution." The State timely filed its notice of appeal on November 2, 2007. This appeal ensued.

---

[4] William Ainsworth was the prosecutor handling the State's cases against Valdez.

[5] The record does not contain any notice of trial setting provided to either party, and the reporter's record does not demonstrate that the trial court instructed the parties that the October 16, 2007 hearing was not going to be a plea hearing, but rather a trial.

3

## II. ANALYSIS

### A. The State's Ability to Appeal a Dismissal for Want of Prosecution

In its first issue, the State argues that article 44.01(a)(1) of the code of criminal procedure entitles it to appeal the trial court's dismissal of its indictment against Valdez for want of prosecution. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). Valdez asserts that the State may not appeal the trial court's order of dismissal because jeopardy had attached.

The United States Supreme Court has ruled that the sovereign may not appeal an adverse criminal judgment unless granted statutory authority to do so. *State v. Moreno*, 807 S.W.2d 327, 330 (Tex. Crim. App. 1991) (citing *United States v. Sanges*, 144 U.S. 310, 313-18 (1892)). Article 44.01 of Texas Code of Criminal Procedure grants the state the authority to appeal an order in a criminal case under certain circumstances, including cases where the order dismisses an indictment in whole or in part. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). Thus, this Court has jurisdiction to address the merits of an appeal from any trial court order that "effectively terminates the prosecution in favor of the defendant." *Moreno*, 807 S.W.2d at 332. This Court may not, however, review an acquittal. *Id*. at 332 n.6.

Thus, the State's first issue turns on whether the trial court's order amounted to a procedural dismissal or an acquittal. The record reflects that the trial court dismissed the entire case against Valdez in trial court cause number 07-CR-3067-F for want of prosecution. In dismissing the entire case, the trial court, in effect, dismissed the State's indictment against Valdez without making any findings of guilt or innocence, amounting to a procedural dismissal. *See Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App.

4

1995) (noting that while there is no statutory definition of the term "acquittal," there is a strong inference throughout the code of criminal procedure that the term means an official "finding of fact that the accused is not guilty."). Therefore, because the trial court dismissed the State's indictment against Valdez, the State is authorized to appeal the trial court's ruling pursuant to article 44.01(a)(1). *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1); *see also State v. Salinas*, 976 S.W.2d 870 (Tex. App.—Corpus Christi 1998, no pet.); *State v. Donihoo*, 926 S.W.2d 314 (Tex. App.—Dallas 1994, no writ).

Valdez, however, argues that the State may not appeal the trial court's order because jeopardy had attached. We disagree.

The Double Jeopardy Clause is not a complete bar to appeal. *State v. Ross*, 953 S.W.2d 748, 754 (Tex. Crim. App. 1997) (Womack, J., dissenting) (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569-70 (1977)). Furthermore, as Valdez points out, jeopardy only attaches after both sides have announced ready and the defendant has pleaded to the charges. *State v. Torres*, 805 S.W.2d 418, 420-21 (Tex. Crim. App. 1991). Here, both sides did announce ready, but at no point during the brief exchange at the October 16, 2007 hearing did the defendant enter a plea. Because Valdez did not enter a plea at the October 16, 2007 hearing and because Valdez was never actually acquitted of the charges contained in the indictment, jeopardy did not attach. *See id*.; *see also Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App. 1995).

Therefore, because the trial court's dismissal for want of prosecution was not an acquittal but rather an order that dismissed the indictment, and because jeopardy did not attach, we conclude that the State can appeal the trial court's order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). Accordingly, we sustain the State's first issue.

5

**B. The Trial Court's Ability to Dismiss a Case Without the State's Consent**

By its second issue, the State contends that the trial court did not have the authority to dismiss its case against Valdez without the prosecutor's consent. Conversely, Valdez argues that the October 16, 2007 hearing constituted a trial and that the trial court's order dismissing the State's case essentially amounted to a finding of not guilty.

**1. Applicable Law**

It is well established that the trial court has no general authority to dismiss a case without the prosecutor's consent. *State v. Plambeck*, 182 S.W.3d 365, 368 (Tex. Crim. App. 2005) (citing *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991)). In order to dismiss an indictment without the State's consent, the dismissal must be authorized by constitution, statute, or common law. *Salinas*, 976 S.W.2d at 871. The Texas Constitution does not grant the courts the power to dismiss indictments without the consent of the prosecutor. *State v. Williams*, 938 S.W.2d 456, 459 (Tex. Crim. App.1997). The power to dismiss an indictment is "vested almost exclusively in the district and county attorneys, not in the trial courts." *Salinas*, 976 S.W.2d at 871.

**2. Discussion**

Without addressing whether the October 16, 2007 hearing constituted a trial, we focus on the substance of the trial court's order of dismissal. As we have previously concluded, the trial court's dismissal amounts to a procedural dismissal of Valdez's indictment for want of prosecution, rather than an acquittal. The record does not reflect that the State consented to the dismissal of Valdez's indictment. Moreover, Valdez has not cited to, nor are we aware of, any exceptions to the general rule that the trial court may not dismiss an indictment without the consent of the prosecutor. *See Plambeck*, 182

S.W.3d at 368; *Williams*, 938 S.W.2d at 459; *Salinas*, 976 S.W.2d at 871. We therefore conclude that the trial court was not authorized to dismiss the indictment against Valdez. Accordingly, we sustain the State's second issue.

### III. CONCLUSION

Having concluded that the trial court was without authority to dismiss the indictment against Valdez, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 31st day of July, 2008.

7