The STATE of Texas, Appellant,

v.

Michael FASS, Appellee.

No. 3-92-415-CR.

Court of Appeals of Texas,
Austin.

Feb. 3, 1993.

Marcos Hernandez, Jr., Crim. Dist. Atty., Lucy Del Prado Dietz, Asst. Dist. Atty., Hays County, San Marcos, for the State.

James M. Pape, San Marcos, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

The State appeals from an order of the county court at law dismissing this cause. Tex.Code Crim.Proc.Ann. art. 44.01(a)(1) (West Supp.1993). The underlying offense is driving while intoxicated. Tex.Rev.Civ. Stat.Ann. art. 6701*l*–1 (West Supp.1993).

The alleged offense was committed on January 21, 1990. The State's initial prosecution of appellee was begun in April 1990, when an information was filed in Hays County cause number 32,349. Appellee's motion to quash the information was granted and, on September 19, 1990, the cause was ordered dismissed with prejudice. The State gave notice of appeal and the cause was docketed in this Court as our number 3–90–259–CR. On December 19, 1990, this Court dismissed the appeal for want of prosecution.[1]

The present information was filed on October 16, 1991. The order granting appellee's motion to dismiss the new information states:

Inasmuch as this case is based upon the same arrest and charges the same conduct as that in Hays County Cause No. 32349 filed in the County Court at Law, which case was dismissed by Hays County Court at Law No. 1, said dismissal was appealed by the State, and said appeal was dismissed by the Third Court of Appeals for want of prosecution on 19 December 1990, this Court declines to exercise further jurisdiction over the subject matter and person of the Defendant, and this case is hereby dismissed.

The State contends that this order is erroneous because the county court at law was not authorized to dismiss cause number 32,349 with prejudice (point of error three) and the State was therefore entitled to refile the case within the applicable period of limitations (point of error two).

A trial court may, on the motion of the defendant, set aside, quash, or dismiss an indictment or information for a defect of form or substance.[2] *State v. Pierce,* 816 S.W.2d 824, 830–31 (Tex.App.— Austin 1991, no pet.). A trial court may not, however, dismiss a charging instrument *with prejudice,* that is, with an instruction to the prosecutor not to proceed with future charges arising from the same offense. *State ex rel Holmes v. Denson,* 671 S.W.2d 896, 900 (Tex.Crim.App.1984); *Pierce,* 816 S.W.2d at 831. When a motion to quash or set aside the charging instrument is sustained, the State may initiate new proceedings against the defendant within the time allowed by law. Tex.Code Crim.Proc.Ann. arts. 28.04, 28.05 (West 1989). The order dismissing cause number 32,349 was void to the extent that it sought to prohibit the State from filing a new information pursuant to article 28.04. Point of error three is sustained.

The new information was filed within the two-year limitations period applicable to misdemeanors. Tex.Code Crim. Proc.Ann. art. 12.02 (West 1977). As we understand its order, the county court at law dismissed the present cause because the State failed to prosecute its appeal from the dismissal of the original cause. In the absence of specific authority, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *State v. Johnson,* 821 S.W.2d 609, 613 (Tex. Crim.App.1991); *State v. Gray,* 801 S.W.2d 10 (Tex.App.—Austin 1990, no pet.). This Court is aware of no constitutional, statuto-

---

1. The complaint on which the original information was based had a defective jurat and the motion to quash was properly granted on that basis. This Court has affirmed an order dismissing an information having the identical defect. *State v. Pierce,* 816 S.W.2d 824 (Tex.App.— Austin 1991, no pet.).

2. The terms "quash" and "set aside" are synonymous. *State v. Eaves,* 800 S.W.2d 220, 221 n. 5 (Tex.Crim.App.1990). An order quashing or setting aside a charging instrument effectively terminates, or dismisses, a prosecution whenever the order requires an alteration of the charging instrument or the filing of a new charging instrument. *State v. Moreno,* 807 S.W.2d 327, 334 (Tex.Crim.App.1991); *Eaves,* 800 S.W.2d at 224.

ry, or common law authority permitting the trial court to dismiss the present prosecution on appellee's motion because of the State's failure to pursue its earlier appeal.

If the State had not abandoned its appeal of the order dismissing the original information, this Court would have done what it later did in *Pierce*, a substantially identical case: reformed the dismissal order to delete the phrase "with prejudice," affirmed the order as amended, and remanded the cause for further proceedings which might include the filing of a new complaint and information. 816 S.W.2d at 831. Appellee is in the same position he would have been in had the State actively pursued the original appeal or, for that matter, had the State chosen not to appeal at all. Point of error two is sustained.

Because we sustain the State's second and third points of error, we need not address the first. The order of the county court at law dismissing Hays County cause number 35,388 is reversed and the cause is remanded for further proceedings.