**The STATE of Texas, Appellant,**

v.

**Richard MARMOLEJO, Appellee.**

No. 3–92–536–CR.

Court of Appeals of Texas,
Austin.

June 9, 1993.

Marcos Hernandez, Jr., Crim. Dist. Atty., Lucy Del Prado Dietz, Asst. Dist. Atty., San Marcos, for the State.

Carroll Barbour, San Antonio (no brief filed), for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

PER CURIAM.

The State appeals an order of the county court at law dismissing this cause. Tex. Code Crim.Proc.Ann. art. 44.01(a)(1) (West Supp.1993); *see State v. Eaves*, 800 S.W.2d 220, 224 (Tex.Crim.App.1990). The underlying offense is speeding. Tex.Rev.Civ. Stat.Ann. art. 6701d, §§ 166, 169B (West 1977).

This cause originated in justice court, where appellee entered a plea of no contest. That court found him guilty and assessed a fine of $128.00. Appellee then perfected his appeal to the county court at law. Tex.Code Crim.Proc.Ann. art. 44.14 (West 1979). Appellee's trial de novo was set for August 24, 1992, but he failed to appear. Subsequently, defense counsel contacted the prosecutor for the purpose of negotiating a plea. When no agreement was reached, counsel telephoned the trial judge who agreed to dismiss the speeding case in exchange for a plea in the failure to appear case. The order of dismissal recites that the cause was dismissed on appellee's motion for the reasons stated therein, but the transcript contains no motion to dismiss. The State's brief states that no mo-

tion to dismiss was filed by appellee or the State.[1]

In two points of error, the State argues that the county court at law was not authorized to dismiss this cause on its own motion. We agree. In the absence of specific authority, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App. 1991); *State v. Fass*, 846 S.W.2d 934 (Tex. App.–Austin 1993, no pet.); *State v. Gray*, 801 S.W.2d 10 (Tex.App.–Austin 1990, no pet.). There is no constitutional, statutory, or common law authority of which this Court is aware permitting a trial court to dismiss a prosecution on its own motion pursuant to a plea bargain negotiated by defense counsel and the court. *See Perkins v. Court of Appeals*, 738 S.W.2d 276, 282 (Tex.Crim.App.1987) (trial judge should not participate in plea negotiations until agreement is reached between defendant and prosecutor). Points of error one and two are sustained.

The order of the county court at law dismissing this cause is reversed, and the cause is remanded to that court for further proceedings.

---

1. The facts set out in this paragraph are taken from the transcript and the State's brief. Appellee did not file a brief in this Court. Because the statements of fact in the State's brief are not challenged, we will accept them as true. Tex. R.App.P. 74(f).