The STATE of Texas, Appellant,

v.

Donnie Cleon HOWELL, Appellee.

No. 05–93–00813–CR.

Court of Appeals of Texas, Dallas.

Dec. 16, 1993.

F. Duncan Thomas and D. Robert Smith, Greenville, for appellant.

Jerry Spencer Davis, Greenville, for appellee.

Before THOMAS, OVARD and BARBER, JJ.

**OPINION**

THOMAS, Justice.

The issue presented by this appeal is whether a trial court that suspects possible

jury misconduct can dismiss a cause of action without the prosecutor's consent. We hold a trial court does not have such authority. Accordingly, we reverse the trial court's dismissal order.

## PROCEDURAL BACKGROUND

Donnie Cleon Howell was charged by indictment with felony driving while intoxicated (DWI). He pleaded not guilty, and a jury trial began on April 23, 1992. The next day, Howell, outside the jury's presence, offered to stipulate to two prior DWI convictions which were alleged for enhancement purposes. The State refused to stipulate. The trial court accepted the admission as a plea of true to the jurisdictional enhancements. Thereafter, the trial court prohibited the State from presenting any evidence of the prior convictions.[1] Instead, the judge stated he would instruct the jury at the appropriate time of the convictions.

The State immediately appealed the trial court's order. The court recessed the jury during the pendency of the appeal. The trial court signed an order May 12, 1992, noting that jeopardy had attached. This May 1992 order also found that unless the appeal was authorized, the "state has effectively dismissed the prosecution by failing to proceed." On January 27, 1993, we dismissed the appeal for want of jurisdiction.

On March 1, 1993, the trial court denied the State's request to reconstitute the jury and granted a defense motion to dismiss. The trial judge stated there was no way to determine whether "the jury had or had not violated any of the instructions" because eleven months had passed since the jury was allowed to separate. This appeal involves the dismissal order.

## AUTHORITY TO DISMISS

■ Generally speaking, a court's authority to act is limited to those actions authorized by constitution, statute, or common law. *State v. Johnson,* 821 S.W.2d 609, 612 (Tex.Crim.App.1991). Except in certain cir-

cumstances, a court does not have the authority to dismiss a case unless the prosecutor requests a dismissal. *Johnson,* 821 S.W.2d at 613. Such circumstances include when the defendant has been denied speedy trial, when there is a defect in the charging instrument, or when the defendant is detained and no charging instrument is properly presented. *Johnson,* 821 S.W.2d at 612 n. 2. There is no general authority, written or unwritten, inherent or implied, permitting a trial court to dismiss a case without the prosecutor's consent. *Johnson,* 821 S.W.2d at 613 (trial court lacked authority to dismiss prosecution when State's attorney failed to appear at time case was called for trial); *see also State v. Marmolejo,* 855 S.W.2d 275, 276 (Tex.App.—Austin 1993, no pet.) (per curiam) (trial court is without authority to dismiss prosecution on its own motion pursuant to a plea bargain negotiated by defense counsel and the court); *Wilson v. State,* 854 S.W.2d 270, 276 (Tex.App.—Amarillo 1993, pet. ref'd) (violation of Rules of Professional Responsibility not grounds for trial court to dismiss prosecution on its own or on defendant's motion); *State v. Fass,* 846 S.W.2d 934, 936 (Tex.App.—Austin 1993, no pet.) (per curiam) (trial court's order dismissing prosecution for State's failure to pursue earlier appeal reversed); *State v. Morales,* 844 S.W.2d 885, 889 (Tex.App.—Austin 1992, no pet.) (State's failure to preserve noncustodial taped interview of defendant not grounds for dismissal of information); *Barre v. State,* 826 S.W.2d 722, 725 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (where evidence is willfully withheld by State in violation of discovery order, proper remedy is to exclude evidence at trial).

■ Likewise, the trial court's reference to possible jury misconduct does not authorize dismissal of this case without the prosecutor's consent. There is no constitutional, statutory, or common-law authority of which this Court is aware permitting a trial court to dismiss a prosecution because of possible jury misconduct. Additionally, we disagree

---

1. Specifically, the trial court refused to allow the State to introduce before the jury the certified copies of records of Howell's prior DWI convictions. The trial court, however, stated it would allow Howell's signature on the documents to be admitted for comparison with his signature at the time of his arrest for this offense.

that the State effectively dismissed the prosecution by failing in its earlier appeal to this court. The State sought a stay of the proceedings while the judge's evidentiary ruling was on appeal and then requested the jury be reconstituted once the appeal was dismissed. The State's only manifested intent was to prosecute this case. Further, the order dismissing the case specifically refers to the "defendant's motion to dismiss." We hold that the trial court had no authority to dismiss the case without the prosecutor's consent.

## TRIAL COURT'S EVIDENTIARY RULING

In its prayer for relief, the State also asks this court to order the trial court to set aside its prior order prohibiting the State from presenting evidence of the prior convictions. We note that we do not have a record of the original trial proceedings. Thus, we cannot determine whether the trial court erred, and, if there was error, whether it was harmful. Further, any discussion or holding on this issue would constitute an advisory opinion. We are without authority to render advisory opinions. *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex.Crim.App.1991). We, therefore, decline the State's request that we consider the trial court's evidentiary ruling.

We reverse the trial court's dismissal order and remand this cause to the trial court for proceedings consistent with this opinion.