The STATE of Texas

v.

Mark Aaron DONIHOO.

No. 05–94–00995–CR.

Court of Appeals of Texas, Dallas.

Dec. 29, 1994.

Bobbie J. Peterson, Assistant County Attorney, Grayson County, Sherman, for Appellant.

Barrett Keith Brown, Law Offices of Barrett Keith Brown, Sherman, for Appellee.

---

Before BAKER, MALONEY, and CHAPMAN, JJ.

## OPINION

MALONEY, Justice.

The trial court granted Mark Aaron Donihoo's motion for dismissal for want of prosecution and dismissed his pending criminal case. In one point of error, the State alleges the trial court cannot dismiss a criminal cause of action without the prosecutor's consent. We reverse the trial court's dismissal order.

## BACKGROUND

Donihoo was charged by information with driving while intoxicated, a misdemeanor. The information alleged that appellee committed this offense on October 6, 1991. The case was set for trial some twelve times between November 1991 and June 1994. During this period, both appellee and the State moved for continuances. The trial court granted some continuances and denied others.

In June 1994, the trial court called the case for trial. Appellee announced ready and the State announced "not ready." Appellee moved the trial court to enter a not guilty judgment. The trial court stated it could not do that. Appellee then asked the court to order a dismissal. The trial court granted a dismissal for want of prosecution.

## AUTHORITY TO DISMISS

The State argues a trial court cannot dismiss a criminal case for want of prosecution. Appellee responds the trial court had the discretion to grant or deny any motion for continuance. Appellee also maintains his motion to dismiss is akin to a dismissal for denial of speedy trial.

### 1. Applicable Law

A trial court has no general authority to grant a defendant's motion to dismiss unless authorized by constitution, statute, or common law. *State v. Johnson*, 821 S.W.2d 609, 612–13 (Tex.Crim.App.1991); *State v. Howell*, 871 S.W.2d 237, 238 (Tex.App.—Dallas 1993, no pet.). Unless the State requests a dismissal, the trial court can dismiss only for denial of speedy trial, defects in the charging instrument, or when the State detains the defendant and does not properly present a charging instrument. *Johnson*, 821 S.W.2d at 612 n. 2.[1]

### 2. Application of Law to Facts

Appellant moved the court to "dismiss this cause for failure of the State to prosecute the Defendant...." He did not move the court to dismiss for denial of a speedy trial, a defective charging instrument, or because the State detained him without properly presenting a charging instrument. The trial court's order dismissing appellee's case stated "[D]efendant's motion for dismissal is in all things granted."

Appellee cites no authority and we find none that permits a trial court to dismiss a prosecution because of the State's failure to prosecute. We hold the trial court had no authority to dismiss the case without the prosecutor's consent. We sustain the State's point of error.

---

1. There is no general authority, written or unwritten, inherent or implied, permitting a trial court to dismiss a case without the prosecutor's consent. *Johnson*, 821 S.W.2d at 613 (trial court lacked authority to dismiss prosecution when State's attorney failed to appear at time case was called for trial); *see also Howell*, 871 S.W.2d at 238 (possible jury misconduct does not authorize dismissal without the prosecutor's consent); *State v. Marmolejo*, 855 S.W.2d 275, 276 (Tex. App.—Austin 1993, no. pet.) (per curiam) (trial court is without authority to dismiss prosecution on its own motion pursuant to a plea bargain negotiated by defense counsel and the court); *Wilson v. State*, 854 S.W.2d 270, 276 (Tex.App.—Amarillo 1993, pet. ref'd) (violation of Rules of Professional Responsibility not grounds for trial court to dismiss prosecution on its own or on defendant's motion); *State v. Fass*, 846 S.W.2d 934, 936 (Tex.App.—Austin 1993, no pet.) (per curiam) (reversing trial court's order dismissing prosecution for State's failure to pursue earlier appeal); *State v. Morales*, 844 S.W.2d 885, 889 (Tex.App.—Austin 1992, no pet.) (State's failure to preserve noncustodial taped interview of defendant not grounds for dismissal of information); *Barre v. State*, 826 S.W.2d 722, 725 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (where evidence is willfully withheld by State in violation of discovery order, proper remedy is to exclude evidence at trial).

We reverse the trial court's dismissal order. We remand this cause to the trial court for proceedings consistent with this opinion.