TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00751-CR


NO. 03-97-00752-CR






Ex parte Kyle Hahn, Appellant






FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NOS. 48,432 & 48,433, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING






 This is an appeal from an order denying relief on an application for a writ of habeas corpus. 
In one point of error, appellant Kyle Hahn argues that the State is barred by the double jeopardy clauses
of the state and federal constitutions from refiling an information after it had agreed to quash its original
information that contained similar charges. We will affirm the court's order denying relief.


BACKGROUND

 On June 25, 1996, Kyle Hahn was charged by information with selling "John McGuire an
alcoholic beverage without having first obtained an appropriate license or permit from the Texas Alcoholic
Beverage Commission or from the Administrator of such Commission." On August 2, 1996, Hahn filed
a Motion to Quash the Information for Failure to State an Offense, arguing that the allegations in the
information, even if true, did not amount to an offense against the penal laws of the State of Texas. At a
hearing on January 31, 1997, the State agreed to the motion to quash, and the motion was granted by the
trial court. The record shows that the complaint against Hahn failed to state whether he was charged with
selling liquor or beer without a license. The State therefore agreed to the Motion to Quash the Information
in order to allege additional facts and to clarify under which statute Hahn was being charged. The
State then refiled two separate criminal informations against Hahn, one for "Sale of an Alcoholic Beverage
Without a License," and another for "Possession of Alcoholic Beverage with Intent to Sell." These
informations, unlike the previous information, specifically alleged the sale of "beer."

 In response, Hahn filed an application for habeas corpus relief contending that the State's
agreement to the Motion to Quash for Failure to State an Offense collaterally estopped the State from
prosecuting further. On September 11, 1997, the trial court granted a hearing on Hahn's application, but
ultimately denied relief. Hahn appeals.


DISCUSSION

 In his sole point of error, Hahn argues that the trial court erred in denying habeas corpus
relief because the double jeopardy clauses of the United States and Texas constitutions collaterally
estopped the State from refiling an information identical to one previously quashed for failure to state an
offense. Specifically, Hahn contends that because the State allegedly conceded that the first information
failed to state an offense, the State cannot now assert similar claims in its refiled informations without
subjecting Hahn to double jeopardy. We disagree.

 Hahn mischaracterizes the State's reason for agreeing to the motion to quash the original
information. The record shows that the State agreed to Hahn's motion to quash the original information
in order to allege additional facts and to clarify under which statute Hahn was being charged. Furthermore,
we note that article 28.04 of the Texas Code of Criminal Procedure expressly provides:


If the motion to set aside or the exception to an indictment or information is sustained, the
defendant in a misdemeanor case shall be discharged, but may be again prosecuted within
the time allowed by law.



Tex. Code Crim. Proc. Ann. art. 28.04 (West 1989).

 Thus, under this rule, quashing an information does not have the effect of precluding future
litigation of claims charged in the previous information. See State v. Fass, 846 S.W.2d 934, 935 (Tex.
App.--Austin 1993, no pet.) (when motion to quash or set aside charging instrument is sustained, State
may initiate new proceedings against defendant within time allowed by law). Therefore, we hold that
collateral estoppel will not bar the State from refiling the information and thus double jeopardy is not
implicated under these facts. We therefore overrule appellant's point of error.


CONCLUSION

 Having overruled appellant's sole point of error, we affirm the trial court's order denying
habeas corpus relief.




 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed on Both Causes

Filed: July 30, 1998

Do Not Publish



STYLE="font-size: 11pt">
NOS. 48,432 & 48,433, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING






 This is an appeal from an order denying relief on an application for a writ of habeas corpus. 
In one point of error, appellant Kyle Hahn argues that the State is barred by the double jeopardy clauses
of the state and federal constitutions from refiling an information after it had agreed to quash its original
information that contained similar charges. We will affirm the court's order denying relief.


BACKGROUND

 On June 25, 1996, Kyle Hahn was charged by information with selling "John McGuire an
alcoholic beverage without having first obtained an appropriate license or permit from the Texas Alcoholic
Beverage Commission or from the Administrator of such Commission." On August 2, 1996, Hahn filed
a Motion to Quash the Information for Failure to State an Offense, arguing that the allegations in the
information, even if true, did not amount to an offense against the penal laws of the State of Texas. At a
hearing on January 31, 1997, the State agreed to the motion to quash, and the motion was granted by the
trial court. The record shows that the complaint against Hahn failed to state whether he was charged with
selling liquor or beer without a license. The State therefore agreed to the Motion to Quash the Information
in order to allege additional facts and to clarify under which statute Hahn was being charged. The
State then refiled two separate criminal informations against Hahn, one for "Sale of an Alcoholic Beverage
Without a License," and another for "Possession of Alcoholic Beverage with Intent to Sell." These
informations, unlike the previous information, specifically alleged the sale of "beer."

 In response, Hahn filed an application for habeas corpus relief contending that the State's
agreement to the Motion to Quash for Failure to State an Offense collaterally estopped the State from
prosecuting further. On September 11, 1997, the trial court granted a hearing on Hahn's application, but
ultimately denied relief. Hahn appeals.


DISCUSSION

 In his sole point of error, Hahn argues that the trial court erred in denying habeas corpus
relief because the double jeopardy clauses of the United States and Texas constitutions collaterally
estopped the State from refiling an information identical to one previously quashed for failure to state an
offense. Specifically, Hahn contends that because the State allegedly conceded that the first information
failed to state an offense, the State cannot now assert similar claims in its refiled informations without
subjecting Hahn to double jeopardy. We disagree.

 Hahn mischaracterizes the State's reason for agreeing to the motion to quash the original
information. The record shows that the State agreed to Hahn's motion to quash the original information
in order to allege additional facts and to clarify under which statute Hahn was being charged. Furthermore,
we note that article 28.04 of the Texas Code of Criminal Procedure expressly provides:


If the motion to set aside or the exception to an indictment or information is sustained, the
defendant in a misdemeanor case shall be discharged, but may be again prosecuted within
the time allowed by law.



Tex. Code Crim. Proc. Ann. art. 28.04 (West 1989).

 Thus, under this rule, quashing an information does not have the effect of precluding future
litigation of claims charged in the previous information. See State v. Fass, 846 S.W.2d 934, 935 (Tex.
App.--Austin 1993, no pet.) (when motion to quash or set aside