

NUMBER 13-08-00508-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                        **Appellant,**

**v.**

**CHARLES MONTMINY,**                                        **Appellee.**

**On appeal from the 117th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

On July 10, 2008, appellant, the State, indicted appellee, Charles Montminy, for

unlawful possession of methamphetamine.[1]  Upon Montminy's motion, the trial court

dismissed the indictment.  By one issue, the State contends that the trial court had no

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Vernon Supp. 2008), § 481.115(c) (Vernon 2003).

authority to dismiss the indictment.[2]  We reverse and remand.

## I. BACKGROUND

In trial court cause number 08-CR-1048-B, Montminy was indicted, presumably, for the offense of unlawful possession of methamphetamine.[3]  In that case, after Montminy's motion to suppress evidence was granted, the State voluntarily filed a motion to dismiss the indictment, which was signed by the trial court.[4]

Subsequently, in trial court cause number 08-CR-2296-B, Montminy was again indicted for the offense of unlawful possession of methamphetamine.  Montminy filed a motion to quash or dismiss the subsequent indictment on the basis that it was barred by the doctrine of res judicata.

At a hearing on Montminy's motion, he argued that "the State presented the same facts to a grand jury and the grand jury returned an indictment identical to the previous indictment that had been suppressed."  The State conceded that the first indictment had been dismissed and that the second indictment was based on the same facts.  However, the State asserted that it has "the right before jeopardy attaches, to dismiss for any reason . . . and to refile at a later time."  The trial court granted Montminy's motion to quash and dismissed the second indictment on the basis that it was barred by the doctrine of res judicata.  The State appeals the trial court's dismissal of the second indictment.[5]

---

[2] Montminy did not file a brief in this appeal.

[3] We note that the indictment in trial court cause number 08-CR-1048-B is not included in the record.

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 32.02 (Vernon 2006) (providing that the State may dismiss a criminal prosecution at any time with permission of the trial court).

[5] *See id.* art. 44.01(a)(1) (Vernon Supp. 2008) (providing that the State is entitled to appeal a trial court's order dismissing an indictment).

2

## II. THE TRIAL COURT'S AUTHORITY TO DISMISS A CASE WITHOUT THE STATE'S CONSENT

A trial court does not have the authority to dismiss an indictment without the State's consent unless the dismissal is authorized by the constitution, a statute, or the common law.[6] Specifically, if the State does not consent, "the trial court can dismiss only for the denial of speedy trial, defects in the charging instrument, or when the State detains the defendant and does not properly present a charging instrument."[7]

Here, the trial court granted Montminy's motion to dismiss the indictment without the State's consent based on the doctrine of res judicata.[8] The trial court did not dismiss for denial of a speedy trial, a defective charging instrument, or because the State detained Montminy without properly presenting a charging instrument.[9] Therefore, we conclude that the trial court lacked authority to dismiss the indictment without the State's consent. We sustain the State's sole issue.

---

[6] *State v. Salinas*, 976 S.W.2d 870, 871 (Tex. App.–Corpus Christi 1998, no pet.) (en banc) ("[A] Texas trial court has no authority to dismiss a case, either on the defendant's motion or on the court's own motion, unless the prosecutor consents or the dismissal is otherwise authorized by constitution, statute, or common law.") (citing *State v. Johnson*, 821 S.W.2d 609, 612-13 (Tex. Crim. App. 1991) (en banc); *State v. Meyer*, 953 S.W.2d 822, 825 (Tex. App.–Corpus Christi 1997, no pet.); *State v. Donihoo*, 926 S.W.2d 314, 315-16 (Tex. App.–Dallas 1994, no pet.); *State v. Marmolejo*, 855 S.W.2d 275, 276 (Tex. App.–Austin 1993, no pet.) (per curiam); *Wilson v. State*, 854 S.W.2d 270, 275 (Tex. App.–Amarillo 1993, pet. ref'd)); *see State v. Plamebeck*, 182 S.W.3d 365, 368 (Tex. Crim. App. 2005) (providing that the trial court does not have authority to dismiss an indictment "with or without prejudice" unless the State consents).

[7] *Donihoo*, 926 S.W.2d at 315 (citing *Johnson*, 821 S.W.2d at 612 n.2); *see State v. Mungia*, 119 S.W.3d 814, 817 (Tex. Crim. App. 2003) ("[W]here there is no constitutional violation, or where the appellee's rights were violated but dismissal of the indictment was not necessary to neutralize the taint of the unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State.") (citing *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998) (en banc)).

[8] We find no authority supporting a conclusion that a trial court may dismiss an indictment on the basis of res judicata without the State's consent. Furthermore, the dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment charging the same transaction. *Ex parte Williams*, 379 S.W.2d 911, 912 (Tex. Crim. App. 1964).

[9] *See Donihoo*, 926 S.W.2d at 315 (citing *Johnson*, 821 S.W.2d at 612 n.2).

3

### III. Conclusion

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

_____
LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 20th day of August, 2009.