# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00729-CR

**The State of Texas, Appellant**

**v.**

**Joseph Patrick Banda, Appellee**

## FROM COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
## NO. 091545, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Joseph Patrick Banda was charged with driving while intoxicated on February 24, 2009. On October 18, 2010, the trial court dismissed the cause with prejudice to refile, over the State's objection, based on the "State's failure to comply with court order on discovery." In its sole point of error, the State contends that the trial court lacked authority to dismiss the cause. We will reverse the trial court's order and remand the cause for further proceedings.

The record reflects that Banda's case was set for trial on January 25, 2010, reset for September 21, 2010, and set again on October 18, 2010.[1] One month before trial, the court signed a discovery order scheduling required exchanges of information and witness lists and setting the State's deadline for filing subpoena returns with the county clerk after service.

At a pretrial conference on October 15, 2010, the State orally requested its first trial continuance, which defense counsel opposed. The prosecutor informed the court that he had taken over

---

[1] The parties do not dispute that Banda requested and received two unopposed trial continuances, the first for witness unavailability and the second for defense counsel's vacation.

the case the week before, that the State's subpoenas had not been issued, and that if the subpoenas were issued that day, they would not comply with the deadline set in the discovery order. The trial court denied the State's continuance, and the case proceeded to trial.

On the day of trial, the State re-urged its oral motion for continuance, admitting that it was not ready for trial but if given another setting, "we will go ahead and have everybody here." The defense objected that the State had not been diligent in its trial preparation. The State responded that it was ready and had issued subpoenas for the first two trial settings. The trial court denied the oral motion, noting that the State did not have a written motion or a legally valid reason for a continuance and did not comply with the court's discovery order. The State then presented the court with a written motion to dismiss the cause without prejudice "in the interest of justice." The trial court signed the order dismissing the cause, adding the notation "with prejudice to refile, based on State's failure to comply with court order on discovery." Although not required here, the defense requested findings of fact and conclusions of law, which the trial court filed.

**Jurisdiction**

The State appeals the trial court's order dismissing the cause with prejudice. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2010) (authorizing State to appeal from court order in criminal case dismissing information); Tex. R. App. P. 25.2(a) (entitling State to appeal court's order in criminal case as provided by code of criminal procedure article 44.01), (c)(2) (providing that State's notice is sufficient if it complies with article 44.01). Banda argues that the State's notice of appeal was defective and that this Court lacks jurisdiction because the State did not specify which provision of article 44.01 of the code of criminal procedure provided the basis for its appeal and "d[id] not identify what it is appealing from, except 'the judgment.'"

2

We disagree. The notice of appeal says the State "excepts to the judgment of the court in said cause," but that recitation is followed by a section clarifying that the appeal is from an order dated October 18, 2010. The only October 18, 2010 order in the clerk's record is the trial court's order of dismissal. We decline to elevate form over substance in considering the sufficiency of this notice of appeal. *See Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007) (allowing appellant to amend defective notice of appeal by correcting cause number identified on original notice of appeal and observing trend in court of criminal appeals to "functionally embrace[] an approach to perfecting appeals and notice of appeal closer to that of the Texas Supreme Court," which "'decline[s] to elevate form over substance'") (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)); *see also Polston v. State*, Nos. 03-10-00379-CR & 03-10-00421-CR, 2011 Tex. App. LEXIS 6126, at *3-4 (Tex. App.—Austin Aug. 5, 2011, no pet. h.) (mem. op.). As such, jurisdiction is proper in this Court.

**Dismissal of charging instrument with prejudice**

Dismissing a charging instrument with prejudice constitutes an instruction to the prosecutor not to proceed with future charges arising from the same offense. *State ex rel Holmes v. Denson*, 671 S.W.2d 896, 900 (Tex. Crim. App. 1984); *Gaitan v. State*, 905 S.W.2d 703, 706 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *State v. Fass*, 846 S.W.2d 934, 935 (Tex. App.—Austin 1993, no pet.). Absent constitutional or statutory authorization,[2] none of which

---

[2] The Texas Court of Criminal Appeals has held that a trial court may dismiss a criminal case without the prosecutor's consent in certain circumstances, including when the defendant is denied a speedy trial, when there are defects in the charging instrument, or when the State detains a defendant and does not properly present a charging instrument. *State v. Johnson*, 821 S.W.2d 609, 612 n.2 (Tex. Crim. App. 1991). Egregious prosecutorial misconduct—such as violating the defendant's Sixth Amendment right to counsel—may also justify dismissal with prejudice of a criminal case without the prosecutor's consent. *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995) ("[D]ismissal of an indictment, although a drastic measure only to be used in the most extraordinary of circumstances, may be necessary to adequately protect a defendant's Sixth Amendment right to counsel."). Circumstances of this type are not before us in this appeal.

3

apply here, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *See, e.g.*, *State v. Plambeck*, 182 S.W.3d 365, 366, 370 (Tex. Crim. App. 2005) (concluding that trial court does not have general authority to dismiss indictment without prejudice in absence of State's consent); *State v. Williams*, 938 S.W.2d 456, 459 (Tex. Crim. App. 1997) (noting that Texas Constitution "does not confer upon the trial court the general ability to maintain its docket by causing or preventing the dismissal of prosecutions"); *State v. Johnson*, 821 S.W.2d 609, 613-14 (Tex. Crim. App. 1991) (reversing trial court's order dismissing case for State's attorney's failure to appear when case was called for trial); *State v. Donihoo*, 926 S.W.2d 314, 315 (Tex. App.—Dallas 1994, no pet.) (reversing trial court's order dismissing charging instrument for want of prosecution); *State v. Marmolejo*, 855 S.W.2d 275, 276 (Tex. App.—Austin 1993, no pet.) (reversing trial court's order dismissing cause pursuant to plea bargain negotiated by defense counsel and trial court); *Fass*, 846 S.W.2d at 935 (reversing trial court's order dismissing refiled case with prejudice for State's failure to prosecute appeal from dismissal of original case); *State v. Gray*, 801 S.W.2d 10, 11 (Tex. App.—Austin 1990, no pet.) (holding that trial court abused its discretion by ordering dismissal of prosecution).[3]

The trial court's handwritten notation on the order states that the cause was dismissed because of the State's failure to comply with a court order on discovery. Failure to comply with court orders on discovery may warrant suppression of the evidence in question, but discovery abuse is not recognized in the Texas Code of Criminal Procedure as a basis for dismissing the case with prejudice. *See* Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2010) (discussing discovery

---

[3] Banda's attempt to distinguish these cases by arguing that the State effectively "consented" to dismissal with prejudice because the State moved for dismissal (after the denial of its motion for continuance) is not supported by any authority and is unpersuasive.

4

generally); *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978) (noting that evidence willfully withheld from disclosure under discovery order should be excluded from evidence); *State v. Bragg*, 920 S.W.2d 407, 408 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (reversing trial court's order dismissing indictment with prejudice for, among other grounds, failure to "fully comply" with discovery order); *State v. Williams*, 846 S.W.2d 408, 411-12 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (affirming trial court's order striking testimony and all evidence from police officer based on State's violation of trial court's order to produce report); *Barre v. State*, 826 S.W.2d 722, 725 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (holding that proper remedy for State's willful withholding of evidence in violation of discovery order was exclusion of evidence at trial). Thus, the trial court lacked authority to order dismissal of the underlying cause with prejudice based on the court's determination that the State failed to comply with the order on discovery.

The State's point of error is sustained. We reverse the trial court's dismissal order and remand this cause for further proceedings consistent with this opinion.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Reversed and Remanded

Filed: August 31, 2011

Do Not Publish

5