**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00183-CR**
**NO. 09-15-00184-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**JAMES ANTHONY MESSINA, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-10-11417 CR (Counts 1 and 2)**

## MEMORANDUM OPINION

The State appeals the trial court's order that dismissed the two-count indictment against Messina after the prosecutor failed to appear for a scheduled punishment hearing. We reverse the trial court's order dismissing the indictment and remand the cause for further proceedings consistent with this opinion.

James Anthony Messina was indicted for two counts of online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021 (West 2011). The record reflects that

1

Messina signed an "Agreed Setting" form, which indicated that a plea hearing and sentencing hearing were scheduled for February 27, 2015. On May 1, 2015, the trial court called the case for a hearing and noted that Messina and his counsel were present, but the prosecutor failed to appear. Messina's counsel objected "to any further lengthening of the prosecutor's time to show up and try and prosecute this case" and moved for the charges against Messina to be dismissed. The trial court granted Messina's motion to dismiss.[1] In its order, the trial court stated that Messina's case was set for May 1, 2015, Messina was present with his counsel and announced ready, and the Montgomery County prosecutor "wholly failed to appear and failed to prosecute this case." The trial court stated that the case was therefore dismissed with prejudice.

In its sole issue, the State argues that the trial court lacked authority to dismiss the case due to the prosecutor's failure to appear. In response, Messina contends the dismissal should be upheld because the statute under which he was charged is unconstitutional. Messina does not address the State's argument that the trial court lacked authority to dismiss the charges due to the prosecutor's failure to appear.

The Court of Criminal Appeals has held that a trial court lacks the authority

---

[1]The clerk's record does not contain a written motion to dismiss.

to dismiss a case when the prosecutor fails to appear when the case is called for trial. *State v. Johnson*, 821 S.W.2d 609, 613-14 (Tex. Crim. App. 1991). Courts of appeals have likewise held that a trial court lacks the authority to dismiss a criminal proceeding when the prosecutor announces "not ready" for trial and when the prosecutor fails to timely appear for trial. *State v. Lewallen*, 927 S.W.2d 737, 739-40 (Tex. App.—Fort Worth 1996, no pet.); *State v. Donihoo*, 926 S.W.2d 314, 315 (Tex. App.—Dallas 1994, no pet.). We conclude that the trial court lacked authority to dismiss the prosecution of Messina. *See Johnson*, 821 S.W.2d at 613-14; *Lewallen*, 927 S.W.2d at 739-40; *Donihoo*, 926 S.W.2d at 315.

As discussed above, Messina contends the trial court's dismissal should be upheld because the statute under which he was charged is unconstitutional. Generally, constitutional challenges to a statute are forfeited by the failure to object at trial. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Curry v. State*, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995). A challenge that a statute is facially unconstitutional, as well as a challenge that a statute is unconstitutional as applied to the defendant, must be raised in the trial court to preserve error. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Curry*, 910 S.W.2d 490, at 496 n.2 (Tex. Crim. App. 1995). The record does not reflect that Messina raised this argument in the trial court. We sustain the State's issue.

Accordingly, we reverse the trial court's order dismissing the indictment against Messina and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 1, 2015
Opinion Delivered October 28, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

4