

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00203-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**MARK ANTHONY ALVEAR,**

**Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 2016-0491-CR1

## MEMORANDUM OPINION

The State appeals the trial court's order granting Appellee Mark Anthony Alvear's second motion to dismiss and application for writ of habeas corpus.[1] We will reverse.

### Background

This is the second appeal in this case. The first appeal was filed by Alvear after the trial court denied his first motion to quash information, motion to dismiss, and

---

[1] The motion is entitled "Defendant's Second Motion to Quash Information, Motion to Dismiss, and Application for Writ of Habeas Corpus." The trial court's order granted only the motion to dismiss and the application for writ of habeas corpus and did not address the motion to quash.

application for writ of habeas corpus. The underlying facts are set out in our previous

opinion:

> Appellant Mark Alvear was charged by information with driving
> while intoxicated. The information, filed on August 13, 2012, alleged that
> Alvear, "on or about the 14th day of July, A.D. 2012, did then and there
> operate a motor vehicle in a public place while the said defendant was
> intoxicated." The State subsequently filed a motion to dismiss the cause,
> giving the reason: "officer deployed to Afghanistan, will refile upon his
> return." On November 30, 2012, the trial court signed an order dismissing
> the cause.
>
> On August 25, 2014, Alvear was again charged by information with
> driving while intoxicated. The information again alleged that Alvear, "on
> or about the 14th day of July, A.D. 2012, did then and there operate a motor
> vehicle in a public place while the said defendant was intoxicated." Alvear
> filed a motion to quash and dismiss the information and application for writ
> of habeas corpus. Alvear claimed that the State failed to file the information
> within the two-year statute of limitations. Despite the information's lack of
> tolling facts, Alvear also argued that the statute of limitations was never
> tolled under article 12.05(b) of the Code of Criminal Procedure. TEX. CODE
> CRIM. PROC. ANN. art. 12.05(b) (West 2015) ("The time during the pendency
> of an indictment, information, or complaint shall not be computed in the
> period of limitation.").
>
> The trial court held a hearing on December 3, 2014, and then took the
> matter under advisement. On December 4, 2014, the State filed a motion to
> amend the information to include that "during the period from August 13,
> 2012 until December 4, 2012, an information charging the above offense was
> pending in a court of competent jurisdiction, to-wit: cause number
> 20123161CR1 in the County Court at Law Number 1 of McLennan County,
> Texas, styled the State of Texas vs. Mark Anthony Alvear Jr." On December
> 9, 2014, the trial court denied the motion to quash and dismiss the
> information and application for writ of habeas corpus. No action was taken
> on the State's motion to amend the information.

*Ex parte Alvear*, 524 S.W.3d 261, 262–63 (Tex. App.—Waco 2016, no pet.) (*Alvear I*).

We concluded:

> The trial court therefore erred in denying Alvear's application for writ of
> habeas corpus because the information shows on its face that prosecution
> is barred by the statute of limitations and that the information is not
> reparable. *See* [*Ex parte*] *Smith*, 178 S.W.3d [797] at 799, 804 [(Tex. Crim.

App. 2005)].  We sustain Alvear's second issue in part, reverse the trial court's order denying Alvear's application for writ of habeas corpus, grant habeas relief, and dismiss the information and prosecution.

*Id.* at 266-67.  The State did not pursue a petition for discretionary review.

Four days after our opinion issued, the State filed a third information against Alvear alleging the same facts as in the previous two informations, but also including tolling paragraphs, which state:

> And it is further presented in and to said Court that during the period from August 13, 2012 until November 30, 2012, the statute of limitations was tolled by the pendency of an information in a court of competent jurisdiction charging the Defendant with the above offense to-wit:  cause number 20123161CR1 in the County Court at Law Number 1 of McLennan County Texas, Styled the State of Texas v. Mark Anthony Alvear Jr.

> And it is further presented in and to said Court that during the period from August 25, 2014 until March 10, 2016, the statute of limitations was tolled by the pendency of an information in a court of competent jurisdiction charging the Defendant with the above offense to-wit:  cause number 20142914CR2 in the County Court at Law Number 2 of McLennan County Texas, Styled the State of Texas vs. Mark Anthony Alvear Jr.

Alvear then filed his second motion to quash information, motion to dismiss, and application for writ of habeas corpus challenging the third information.  After a hearing, the trial court granted Alvear's application for writ of habeas corpus and motion to dismiss.

### Issues

The State presents one issue—the trial court erred in granting Alvear's motion to dismiss and application for writ of habeas corpus because the third information filed against Alvear was not barred by the statute of limitations.  In response, Alvear argues

that the trial court did not abuse its discretion in granting his motion and that the trial court's order should be affirmed because: (1) the statute of limitations was not tolled while the first and second informations were pending because a trial court never found them invalid; (2) as we previously found the second information invalid and not reparable, the State could not "revive" the charge against him by including tolling allegations in the third information; and (3) the trial court could have based its ruling upon grounds other than the statute of limitations.

## *Standard of Review*

We review the dismissal of a charging instrument under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). We give almost total deference to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. *Id.* However, we apply a *de novo* standard of review to pure questions of law and mixed questions that do not depend upon credibility determinations. *Id.* A *de novo* review is appropriate because the issue in this case involves a pure question of law and is not based upon facts or the credibility of witnesses. *See Ahmad v. State*, 295 S.W.3d 731, 739 (Tex. App.—Fort Worth 2009, pet. ref'd).

## *Analysis*

Alvear argues that limitations was not tolled while either the first or second information was pending because neither was found to be invalid. Historically, common law provided no limit on the time within which an offense might be prosecuted. *Vasquez v. State*, 557 S.W.2d 779, 781 (Tex. Crim. App. 1977) (overruled on other grounds by

*Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998)). Once a legislature enacts a statute of limitations, an indictment or information is barred if not filed within the time specified. *Id.* 783. If presented in a timely manner, however, the "cause may be continued from time to time indefinitely," subject to the requirement that the State exercise due diligence in obtaining and presenting a formal accusation. *Id.*; *see also Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004). A statute of limitations is, therefore, tolled while a valid indictment or information remains pending. *Vasquez*, 557 S.W.2d at 783. The time from the filing of the first information in this case until it was dismissed was, therefore, tolled. Alvear's argument to the contrary is without legal basis.

Also historically, an *invalid* indictment or information did not toll limitations. *Vasquez*, 557 S.W.2d at 783-84; *see also Hernandez*, 127 S.W.3d at 772. Article 12.05 of the Texas Code of Criminal Procedure was enacted to ameliorate this circumstance, providing that limitations will be tolled during the pendency of an "indictment, information, or complaint. . . ." TEX. CODE CRIM. PROC. art. 12.05(b) (West 2015); *see also Ex parte Ulloa*, 514 S.W.3d 756, 758 (Tex. Crim. App. 2017).[2] Article 12.05(c) defines

---

[2] Although there is little in the way of legislative history, certain comments reflect the legislature's concern that defendants charged under faulty indictments could not be prosecuted because the statute of limitations had run. *Hernandez*, 127 S.W.3d at 771.

> The fact that many indictments, informations, and complaints are now being held invalid because of procedural errors and defects in form that have nothing to do with the guilt or innocence of the persons charged, and persons guilty of capital, as well as other crimes, are going unpunished and will continue to do so under our present laws, creates an emergency and an imperative public necessity requiring that the Constitutional Rule providing that bills be read on three separate days be suspended, and also that the Constitutional Rule which provides that laws shall not become effective until the expiration of ninety days after the adjournment of the session be suspended, and such

"during the pendency" as "that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason." *Id*. at art. 12.05(c). This article has been largely unchanged since it was enacted in 1941. *Vasquez*, 557 S.W.2d at 783.

We are to give effect to the plain meaning of a statute unless it is ambiguous or the plain meaning leads to an absurd result that the legislature could not have possibly intended. *Ulloa*, 514 S.W.3d at 758. The language of art. 12.05(c) is not ambiguous — the phrase "during the pendency" means that a charging instrument will toll limitations until it is found to be invalid. Therefore, it makes no difference whether a charging instrument is ultimately determined to be faulty or valid — the statute of limitations is tolled so long as the instrument remains pending before a court of competent jurisdiction. *Ahmad*, 295 S.W.3d at 740. We conclude that limitations was also tolled in this case from the time the second information was filed until it was dismissed by this Court.[3] Therefore, the statute of limitations had not run prior to the filing of the third information.

---

> Rules are hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted.

*Vasquez*, 557 S.W.2d at 784 n. 7 (citing Acts 1941, 47th Leg., R.S. ch. 603, 1941 Tex. Gen. Laws 1335 cmt.).

[3] While the statute specifically notes that a charging instrument remains pending until found to be invalid by a *trial* court, other courts have expanded this term to include "a court with jurisdiction." *See Green v. State*, No. 14-08-00075-CR, 2009 WL 136917 at *4 n.3 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op., not designated for publication); *see also Rodriguez v. State*, No. 08-02-00342-CR, 2003 WL 21761740, at *4 (Tex. App.—El Paso July 31, 2003, no pet.) (op., not designated for publication). If we follow the literal language of art. 12.05, tolling continues as the second information has not been found invalid by a trial court. If we determine that any court with jurisdiction, including an appellate court, can halt the tolling of limitations by finding a charging instrument invalid, then limitations began to run after we found

Additionally, although we determined in *Alvear I* that the second information was invalid because it did not include the appropriate tolling language, we did not hold that the State was barred from presenting another information against Alvear. If a motion to quash or set aside a charging instrument is sustained, the State may still initiate new proceedings so long as the statute of limitations has not run. *See State v. Fass*, 846 S.W.2d 934, 935 (Tex. App.—Austin 1993, no pet.) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 28.04 (West 2006) ("If the motion to set aside or the exception to an indictment or information is sustained, the defendant in a misdemeanor case shall be discharged, *but may be again prosecuted within the time allowed by law*.").

Finally, Alvear argues that allowing the State to file a succession of informations or indictments against an accused would allow the State "to perpetually postpone prosecution without accountability." Alvear contends that this would lead to absurd results and that it would violate his rights to a speedy trial, to be protected from undue delay by the State, to be protected from double jeopardy, and to due process of law. We may uphold a trial court's ruling if it is correct under any theory of applicable law. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017); *see also Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). Statutes of limitation are not the only means of redress available to an accused who challenges a delay in prosecution. *Krizan-Wilson*, 354 S.W.3d at 814. In appropriate circumstances, an accused may challenge oppressive delay through speedy trial and due process protections found in the United States and state

the second information invalid. In either event, the statute of limitations was effectively tolled prior to the filing of the third information.

constitutions and statutes. *See State v. Harbor*, 425 S.W.3d 508, 513-14 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (trial court has authority to dismiss charging instrument with prejudice without consent of State in order to protect defendant from violations of right to speedy trial, due process, double jeopardy, or other constitutional violations); *see also State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). However, such errors are subject to a harm analysis unless they involve federal constitutional errors labeled by the United States Supreme Court as "structural." *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017); *see also Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010) (harm analysis required for other than structural errors); TEX. RULE APP. PROC. 44.2(a). Structural errors identified by the Supreme Court include: denial of counsel, bias of a trial judge, racial discrimination in the selection of grand jury, denial of self-representation at trial, denial of a public trial, and delivery of a defective reasonable-doubt instruction. *See Neder v. U.S.*, 527 U.S. 1, 8, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999). None of the issues raised by Alvear are structural, and the record does not reflect any allegations of harm by Alvear.[4] We find no other basis to support the trial court's ruling.

We sustain the State's sole issue and hold that the trial court erred in dismissing the third information. Accordingly, we reverse the order granting Alvear's motion to dismiss and application for writ of habeas corpus and remand this case to the trial court for further proceedings consistent with this opinion.

---

[4] Our opinion does not preclude Alvear from raising such issues in the trial court upon remand.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
 Justice Davis, and
 Justice Scoggins
 *(Chief Justice Gray concurs in the Court's judgment to the extent that it reverses the trial court's order of dismissal and remands this proceeding to the trial court. A separate opinion will not issue, but Chief Justice Gray provides the following note:

 After more than a month of intermittent study of the draft opinion, punctuated by long periods of engrossed research and study of the relevant law and conducting extensive additional research, I have determined that I must now concur in the Court's judgment. The result of this appeal, however, has caused me to revisit the Court's decision in *Alvear I*. *See Ex parte Alvear*, 524 S.W.3d 261 (Tex. App.—Waco 2016, no pet.). It deserved more study on my part. It was a deceptively simple resolution to the forced confluence of several lines of cases involving the nature of a statute of limitations, required averments in charging instruments and the difference thereof for informations versus indictments, jurisdiction of the trial court based on the charging instrument, and jurisdiction of the appellate court versus cognizability of an issue on appeal from the denial of an application for a writ of habeas corpus. But what I fundamentally failed to digest was how the development of the law from the line of *Proctor*, *Phillips*, and *Heilman* intersected with the holding in *Smith* upon which we relied so heavily. *See Ex parte Heilman*, 456 S.W.3d 159 (Tex. Crim. App. 2015); *Phillips v. State*, 362 S.W.3d 606 (Tex. Crim. App. 2011); *Ex parte Smith*, 178 S.W.3d 797 (Tex. Crim. App. 2005); *Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). *Alvear I* was the appropriate case in which to address the question the Court of Criminal Appeals left open in *Doster*. *See Ex parte Doster*, 303 S.W.3d 720 (Tex. Crim. App. 2010). There, the Court stated, "we need not resolve whether pretrial habeas remains a viable avenue for raising a limitations challenge or whether pretrial habeas can ever be used to raise a mere statutory claim." *Id*. at 725. I will not, at this juncture, endeavor to redo that which has been done. I write this note only to caution the careful researcher that I would look with fresh eyes upon the issue left unresolved in *Doster* and as presented in *Alvear I*. I may no longer be able to agree that the issue is cognizable on an appeal from the denial of an application for a writ of habeas corpus from an *information* that contains no tolling language, particularly when the record supports the potential that limitations may have been tolled.)
Reversed and remanded
Opinion delivered and filed August 22, 2018
Do not publish
[CR25]

